UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4594

RODNEY BARNES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-98-70)

Submitted: February 29, 2000

Decided: April 19, 2000

Before WILKINS and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Erwin Lynn Dougherty, HUDSON & DOUGHERTY, Bristol, Tennessee, for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Rodney Barnes pled guilty to one count of possession with intent to distribute marijuana and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) (1994). Barnes preserved the right to appeal the district court's denial of his motion to suppress, and he timely appealed. For the reasons that follow, we affirm Barnes' conviction.

We review de novo legal conclusions underlying the denial of a motion to suppress, and factual findings for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). With respect to allegations of prejudicial misconduct by the government, we also review legal conclusions de novo and factual findings for clear error. See United States v. McDonald, 61 F.3d 248, 253 (4th Cir. 1995).

Barnes first claimed that Deputy Pike, the arresting officer, did not have probable cause to conduct the traffic stop that led to Barnes' arrest. The district court, after considering the credibility of both Barnes and Pike, accepted Pike's testimony that he stopped Barnes because the van he was driving had a cracked windshield, the windows appeared to be too darkly tinted, and Barnes was following another vehicle too closely. We have no basis for concluding that the district court's credibility determination was clearly erroneous. Moreover, Pike's subjective reasons for stopping Barnes are irrelevant. See Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). While testifying at the suppression hearing, Barnes admitted his windshield was cracked. Since this constitutes a violation of Va. Code Ann.§ 46.2-1005, the vehicle stop was objectively supported. Barnes is therefore entitled to no relief upon this claim.

As to Barnes' second, third and fourth claims, Barnes essentially argues that the district court erred in crediting the Government's wit-

2

nesses rather than his. The district court's findings regarding the cred-
ibility of the respective witnesses are entitled to deference in this
Court, and therefore Barnes' conviction shall not be reversed on this
ground. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir.
1989); United States v. Smithfield Foods, Inc. , 191 F.3d 516, 531 (4th
Cir. 1999).

Barnes' fifth claim is a catalogue of the purported inconsistencies
in Pike's testimony in an attempt to bolster Barnes' first four claims.
The decision to credit the officers' version of events, and not Barnes'
version, is not reviewable in this court. See Saunders, 886 F.2d at 60.

Accordingly, we affirm Barnes' conviction. We dispense with oral
argument because the facts and legal contentions are adequately pre-
sented in the materials before the court and argument would not aid
the decisional process.

AFFIRMED